**LONNIE J. ELDRIDGE, BAR NO. 200484**
City Attorney
**DION J. O'CONNELL, BAR NO. 131470**
Assistant City Attorney
**CITY OF SIMI VALLEY**
2929 Tapo Canyon Road
Simi Valley, California 93063
Telephone:  (805) 583-6714
Facsimile:   (805) 526-2489
leldridge@simivalley.org
doconnell@simivalley.org

**STEVEN J. ROTHANS – State Bar No. 106579**
**JILL WILLIAMS – State Bar No. 221793**
**JUSTIN READE SARNO – State Bar No. 229803**
**CARPENTER, ROTHANS & DUMONT LLP**
500 South Grand Avenue, 19th Floor
Los Angeles, CA 90071
(213) 228-0400
(213) 228-0401 [Fax]
srothans@crdlaw.com | jwilliams@crdlaw.com | jrs@crdlaw.com
www.crdlaw.com

Attorneys for Defendant, City of Simi Valley, a public entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BOYER, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| vs. | **[28 U.S.C. § 1441 (b) & (c) (Federal Question); 28 U.S.C. § 1446]** |
| CITY OF SIMI VALLEY, and DOES 1 through 10, inclusive, | |
| Defendant. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, City of Simi Valley, a public

-1-

1  entity, hereby removes to the United States District Court, Central District of
2  California the state court action described below.

3      1.    On or about December 17, 2018, a state court action was commenced
4  in the County of Ventura Superior Court, entitled <u>Bruce Boyer v. City of Simi</u>
5  <u>Valley</u>, bearing the case number 56-2016-00521880-CU-CR-VTA.  Attached
6  hereto as Exhibit "A" is a copy of the original Complaint that was filed in this
7  action.

8      2.    Defendant City of Simi Valley was first served with this action on
9  December 28, 2018.

10      3.    To the knowledge of this defendant, no other valid defendant has been
11  served.

12      4.    This action is a civil action of which the United States District Court
13  has original jurisdiction under 28 U.S.C. § 1331, and is one which may be
14  removed to the United States District Court by the defendant pursuant to the
15  provisions of 28 U.S.C. § 1441 (c), in that it involves claims for violations of 42
16  U.S.C. § 1983, the First and Fourteenth Amendments to the United States
17  Constitution, the California Constitution, and the civil rights laws of the State of
18  California.

19      5.    All named defendants who have been served with the Summons and
20  Complaint in this action join in this Notice of Removal.

21

22  DATED:  January 24, 2019      CARPENTER, ROTHANS & DUMONT LLP

23

24                    /s/ Justin Reade Sarno

    By: _____

25          Steven J. Rothans

26          Jill Williams

        Justin Reade Sarno

27          Attorneys for Defendant,

28          City of Simi Valley, a public entity

-2-

# Exhibit "A"

**SUMMONS**
*(CITACIÓN JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

DEC 1 7 2018

MICHAEL D. PLANET
Executive Officer and Clerk

BY: _____,Deputy

**MARIA MARTINEZ**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SIMI VALLEY, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRUCE BOYER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Ventura County Superior Court<br>800 S. Victoria Avenue<br>Ventura, California 93009 | 56-2018-00521880-CU-CR-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George M. Wallace, WALLACE BROWN & SCHWARTZ
215 North Marengo Ave., 3rd Floor     (626) 844-6777
Pasadena, California 91101

**Michael D Planet**

DATE:
*(Fecha)* DEC 1 7 2018

Clerk, by
*(Secretario)* _____, Deputy
*(Adjunto)*

**MARIA MARTINEZ**

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  George M. Wallace -- Cal. Bar No. 101472
   WALLACE, BROWN & SCHWARTZ
2  215 North Marengo Avenue
   Third Floor
3  Pasadena, California 91101-1504
   (626) 844-6777; Fax (626) 795-0353
4
5  Attorney for Plaintiff BRUCE BOYER

VENTURA
SUPERIOR COURT
FILED

DEC 17 2018

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____,Deputy
MARIA MARTINEZ

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF VENTURA

11  BRUCE BOYER, an individual,          Case No.:  56-2018-00521880-CU-CR-VTA

12           Plaintiff,

13     vs.                               COMPLAINT FOR INJUNCTIVE
                                         AND DECLARATORY RELIEF
14  CITY OF SIMI VALLEY, and DOES 1
    through 10, inclusive,               By FAY

15           Defendant.

18       Comes now Plaintiff BRUCE BOYER, an individual, and for claims

19  against defendants, and each of them, alleges as follows:

21       *Introductory and General Allegations*

22       1.    Plaintiff BRUCE BOYER (referred to in this Complaint as

23  "plaintiff" or "Boyer") is an individual residing in Los Angeles County,

24  California. As described below, plaintiff has undertaken to exercise his rights of

25  free speech and expression under the First Amendment of the United States

ORIGINAL

Complaint for Declaratory and Injunctive Relief - 1

1   Constitution and under the Constitution of the State of California, and to engage

2   in other lawful activity, within the City of Simi Valley, and has been subjected to

3   unlawful interference with his constitutional and civil rights by the actions,

4   policies, and practices of the City of Simi Valley.

5        2.      Defendant CITY OF SIMI VALLEY (referred to in this Complaint

6   as "Simi Valley" or "the City") is a municipality chartered and existing under the

7   laws of the State of California and is a political subdivision of the State of

8   California located within the County of Ventura.

9        3.      The true names and identities of defendants DOEs 1 through 10,

10  inclusive, are unknown to plaintiff, which therefore sues them under those

11  fictitious names. Plaintiff is informed and believes that each fictitiously named

12  defendant is in some manner jointly or severally legally liable with the named

13  defendant as to the causes of action alleged in this Complaint. Plaintiff will

14  amend this Complaint to allege the true names and capacities of the fictitiously

15  named defendants if and when such become known to plaintiff.

16       4.      The field of traffic control, including vehicular parking regulations,

17  is preempted by state law. Municipalities and other local authorities, such as the

18  City of Simi Valley, may only regulate traffic and parking to the extent the

19  Legislature grants them the ability or authority to do so. The State's preemption

20  of the field is codified in Vehicle Code §21: "Except as otherwise expressly

21  provided, the provisions of this code are applicable and uniform throughout the

22  state and in all counties and municipalities therein, and no local authority shall

23  enact or enforce any ordinance on the matters covered by this code unless

24  expressly authorized therein."

25

Complaint for Declaratory and Injunctive Relief - 2

5.      Vehicle Code §22507 provides for some local authority over regulation of parking. Currently, and at all times relevant to this action, Vehicle Code §22507 provides, in relevant part:

> (a) Local authorities may, by ordinance or resolution, prohibit
> or restrict the stopping, parking, or standing of vehicles, including,
> but not limited to, vehicles that are six feet or more in height
> (including any load thereon) within 100 feet of any intersection, on
> certain streets or highways, or portions thereof, during all or certain
> hours of the day. … With the exception of alleys, the ordinance or
> resolution shall not apply until signs or markings giving adequate
> notice thereof have been placed....

Subsequent to the enactment of Vehicle Code §22507, the Legislature has enacted additional statutes providing express local authority to regulate the parking of certain specified types of vehicles, not otherwise encompassed in the grant of authority in section 22507. Among these, for example, are Vehicle Code §22503.5, authorizing restrictions on the parking of two-wheeled or three-wheeled motor vehicles; Vehicle Code §22507.5, authorizing restrictions on overnight parking of commercial vehicles in residential districts; and statutes governing "mobile billboard advertising displays," as described further below. In 2004, the Assembly passed a bill [AB1798] that would have granted local authority to prohibit or restrict parking of vehicles, other than motor vehicles, on designated streets and highways during all or portions of the day, but those portions of the bill were eliminated in the Senate and therefore never passed the Legislature.

1       6.    Beginning in 2010, the State of California has enacted a series of

2  statutes and amendments thereto purporting to regulate a class of vehicle

3  designated as "mobile billboard advertising displays" and, in particular,

4  purporting to grant authority to municipalities such as the City of Simi Valley to

5  adopt and enforce certain local ordinances to permit the seizure and impound of a

6  vehicle that is determined to be a "mobile billboard advertising display." The

7  term "mobile billboard advertising display" is defined in Vehicle Code §395.5,

8  which provides as follows:

9          A 'mobile billboard advertising display' means an advertising

10        display that is attached to a mobile, nonmotorized vehicle, device, or

11        bicycle, that carries, pulls, or transports a sign or billboard, and is for

12        the primary purpose of advertising.

13       7.    The authority of a municipality, such as the City of Simi Valley, to

14  adopt ordinances concerning "mobile billboard advertising displays" is codified

15  in Vehicle Code §21100, subdivision (m), the relevant portions of which provide

16  as follows:

17          Local authorities may adopt rules and regulations by

18        ordinance or resolution regarding ... the following matters:

19                                * * *

20          (m)    Regulating mobile billboard advertising displays, as

21        defined in Section 395.5, including the establishment of penalties,

22        which may include, but are not limited to, removal of the mobile

23        billboard advertising display, civil penalties, and misdemeanor

24        criminal penalties, for a violation of the ordinance or resolution. The

25        ordinance or resolution may establish a minimum distance that a

1    mobile billboard advertising display shall be moved after a specified
2    time period.

3    8.    A municipality, acting through a peace officer or other traffic
4    enforcement authority, is only permitted to remove or impound a vehicle to the
5    extent expressly authorized by the Vehicle Code. That limitation is codified in
6    Vehicle Code §22650, which provides, in relevant part, as follows:

7    It is unlawful for any peace officer or any unauthorized person
8    to remove any unattended vehicle from a highway to a garage or to
9    any other place, except as provided in this code.

10    (a) Those law enforcement and other agencies identified in
11    this chapter as having the authority to remove vehicles shall also
12    have the authority to provide hearings in compliance with the
13    provisions of Section 22852. During these hearings the storing
14    agency shall have the burden of establishing the authority for, and
15    the validity of, the removal.

16    9.    The conditions under which a "mobile billboard advertising display"
17    may be removed by a municipal authority, such as the City of Simi Valley, are
18    codified in Vehicle Code §22651, subdivision (v), the relevant portions of which
19    provide as follows:

20    A peace officer, as defined in Chapter 4.5 (commencing with
21    Section 830) of Title 3 of Part 2 of the Penal Code, or a regularly
22    employed and salaried employee, who is engaged in directing traffic
23    or enforcing parking laws and regulations, of a city, county, or
24    jurisdiction of a state agency in which a vehicle is located, may

25

Complaint for Declaratory and Injunctive Relief - 5

1    remove a vehicle located within the territorial limits in which the

2    officer or employee may act, under the following circumstances:

3                                    * * *

4        (v)    (1) When a vehicle is a mobile billboard advertising

5    display, as defined in Section 395.5, and is parked or left standing in

6    violation of a local resolution or ordinance adopted pursuant to

7    subdivision (m) of Section 21100, if the registered owner of the

8    vehicle was previously issued a warning citation for the same

9    offense, pursuant to paragraph (2).

10       (2)    Notwithstanding subdivision (a) of Section 22507, a

11   city or county, in lieu of posting signs noticing a local ordinance

12   prohibiting mobile billboard advertising displays adopted pursuant to

13   subdivision (m) of Section 21100, may provide notice by issuing a

14   warning citation advising the registered owner of the vehicle that he

15   or she may be subject to penalties upon a subsequent violation of the

16   ordinance, that may include the removal of the vehicle as provided in

17   paragraph (1). A city or county is not required to provide further

18   notice for a subsequent violation prior to the enforcement of

19   penalties for a violation of the ordinance.

20   10.    Whenever any vehicle has been removed or impounded by a

21   municipal authority, such as the City of Simi Valley, that authority is required by

22   law to provide a post-impound hearing to the vehicle owner at which the

23   municipality bears the burden "of establishing the authority for, and the validity

24   of, the removal", pursuant to Vehicle Code §22650, subdivision (a). The right to a

25

Complaint for Declaratory and Injunctive Relief - 6

1  post-impound hearing, and the procedures to be followed in such hearings, are
2  specified in Vehicle Code §22852, which provides as follows:

3      (a)    Whenever an authorized member of a public agency
4  directs the storage of a vehicle, as permitted by this chapter, or upon
5  the storage of a vehicle as permitted under this section (except as
6  provided in subdivision (f) or (g)), the agency or person directing the
7  storage shall provide the vehicle's registered and legal owners of
8  record, or their agents, with the opportunity for a poststorage hearing
9  to determine the validity of the storage.

10      (b)    A notice of the storage shall be mailed or personally
11  delivered to the registered and legal owners within 48 hours,
12  excluding weekends and holidays, and shall include all of the
13  following information:

14      (1)    The name, address, and telephone number of the agency
15  providing the notice.

16      (2)    The location of the place of storage and description of
17  the vehicle, which shall include, if available, the name or make, the
18  manufacturer, the license plate number, and the mileage.

19      (3)    The authority and purpose for the removal of the
20  vehicle.

21      (4)    A statement that, in order to receive their poststorage
22  hearing, the owners, or their agents, shall request the hearing in
23  person, writing, or by telephone within 10 days of the date appearing
24  on the notice.

25

Complaint for Declaratory and Injunctive Relief - 7

1        (c)    The poststorage hearing shall be conducted within 48

2    hours of the request, excluding weekends and holidays. The public

3    agency may authorize its own officer or employee to conduct the

4    hearing if the hearing officer is not the same person who directed the

5    storage of the vehicle.

6        (d)    Failure of either the registered or legal owner, or his or

7    her agent, to request or to attend a scheduled hearing shall satisfy the

8    poststorage hearing requirement.

9        (e)    The agency employing the person who directed the

10   storage shall be responsible for the costs incurred for towing and

11   storage if it is determined in the poststorage hearing that reasonable

12   grounds for the storage are not established.

13       (f)    This section does not apply to vehicles abated under the

14   Abandoned Vehicle Abatement Program pursuant to Sections 22660

15   to 22668, inclusive, and Section 22710, or to vehicles impounded for

16   investigation pursuant to Section 22655, or to vehicles removed from

17   private property pursuant to Section 22658.

18       (g)    This section does not apply to abandoned vehicles

19   removed pursuant to Section 22669 that are determined by the public

20   agency to have an estimated value of five hundred dollars ($500) or

21   less.

22       11.    The City of Simi Valley has adopted an ordinance, codified as Simi

23   Valley Municipal Code title 4, Chapter 9, Article 6, purporting to regulate

24   "mobile billboard advertising." That Article, as adopted in 2016 and amended in

25   part in 2018, currently provides as follows:

Complaint for Declaratory and Injunctive Relief - 8

1        **Article 6. - Mobile Billboard Advertising Displays**

2        **§4-9.601 - The parking of mobile billboard advertising**

3    **displays is unlawful.**

4        It shall be unlawful for any person to park or leave standing a

5    mobile billboard advertising display on any public street, alley or

6    public lands in the City.

7        **§4-9.602 - Definition of mobile billboard advertising**

8    **display.**

9        For purposes of this Chapter, 'mobile billboard advertising

10   display' has the meaning provided by Section 395.5 of the California

11   Vehicle Code which states:

12            395.5. A "mobile billboard advertising display" means

13            an advertising display that is attached to a mobile,

14            nonmotorized vehicle, device, or bicycle, that carries, pulls, or

15            transports a sign or billboard, and is for the primary purpose of

16            advertising.

17       For purposes of this Chapter, this definition shall not include a

18   motor vehicle.

19       **§4-9.603 - Removal of mobile billboard advertising**

20   **displays authorized.**

21       Pursuant to Section 22651, Subdivision (v), of the California

22   Vehicle Code, any peace officer, or any regularly employed and

23   salaried employee of the City, who is engaged in directing traffic or

24   enforcing parking laws and regulations may remove a mobile

25   billboard advertising display, and/or anything that the mobile

Complaint for Declaratory and Injunctive Relief - 9

billboard advertising display is attached to including a motor vehicle, found upon any public street, alley or any public lands in the City when either [subsection] (a) or (b) below is true:

(a) The following three (3) elements must be satisfied:

(1) The mobile billboard advertising display is parked or left standing in violation of this Code; and

(2) The registered owner of the mobile billboard advertising display was previously issued a warning citation for the same offense; and

(3) The warning citation was issued to a first-time offender at least twenty-four (24) hours prior to the removal of the mobile billboard advertising display and the warning citation advised the registered owner of the mobile billboard advertising display that he or she may be subject to penalties upon a subsequent violation that may include the removal of the mobile billboard advertising display. Notice of the warning citation may be provided by personal service, by attaching the citation to the mobile billboard advertising display in a conspicuous place so as to be easily observed, or by any other manner permitted by law.

Pursuant to Section 22651(v)(2) of the California Vehicle Code, the City is not required to provide further notice for any subsequent violation prior to enforcement.

1           (b) The mobile billboard advertising display is parked

2           or left standing in violation of this Code, and neither the

3           mobile billboard display nor anything the mobile billboard

4           display may be attached to are vehicles required to be

5           registered pursuant to California Vehicle Code Section 4000

6           or any other section of the California Vehicle Code. In such

7           case, no notice is required and the mobile billboard display

8           and anything the mobile billboard display is attached to may

9           be immediately removed. Further, no post-storage impound

10           hearing, including the hearing as set forth in Section 4-9.604,

11           shall apply to such mobile billboard display and anything the

12           mobile billboard display may be attached to. Such items shall

13           be processed by the Police Department pursuant to Title 2,

14           Chapter 13 of this Code (Section 2-13.01 et seq.).

15     12.     The City of Simi Valley has also adopted an ordinance, codified as

16 section 4-9.402 in Simi Valley Municipal Code title 4, Chapter 9, Article 4,

17 purporting to prohibit the parking of any trailer not attached to a motor vehicle, at

18 any time, on any street or highway within the City. That ordinance, as adopted in

19 2000 and amended in part in 2006, currently provides as follows:

20           **4-9.402 - Parking of oversized vehicles, trailers and fifth**

21    **wheels.**

22           (a) No person shall park or leave standing any oversized

23           vehicle, as further defined herein, upon any public street or highway

24           in the City. For the purpose of this section, the term "oversized

25           vehicle" shall mean any vehicle, as defined by Section 670 of the

1   Vehicle Code, or combination of vehicles, which exceeds twenty-

2   three (23′) feet in length, seven (7′) feet in width, or eight (8′) feet in

3   height, exclusive of projecting lights or devices allowed by Section

4   35109 or 35110 of the Vehicle Code, as may be amended.

5   (b) No person shall park or leave standing any trailer, as

6   defined in Section 630 of the Vehicle Code, or fifth wheel travel

7   trailer, as defined by Section 324 of the Vehicle Code, regardless of

8   length or width, when it has been detached from a motor vehicle,

9   upon any public street or highway in the City.

10  Vehicle Code §630 defines a "trailer" in relevant part as "a vehicle designed for

11  carrying persons or property on its own structure and for being drawn by a motor

12  vehicle and so constructed that no part of its weight rests upon any other vehicle."

13  13.   The City of Simi Valley has adopted an ordinance, codified as

14  section 4-9.701 in Simi Valley Municipal Code title 4, Chapter 9, Article 7,

15  purporting to create exemptions from the application of other traffic ordinances,

16  including the City's prohibition on parking "mobile billboard advertising

17  displays" and the City's prohibition on parking trailers when not attached to a

18  motor vehicle. That ordinance provides as follows:

19  **4-9.701 - Parking exemption for authorized emergency**

20  **vehicles and maintenance vehicles.**

21  The provisions of this Chapter 9 regulating the operation,

22  parking and standing of vehicles shall not apply to Authorized

23  Emergency Vehicles while on duty or vehicles authorized by the

24  City Engineer or such other City official as may be authorized by the

25

Complaint for Declaratory and Injunctive Relief - 12

1    City Manager for construction, repair or maintenance of public or
2    private property.

4    14.    Plaintiff is informed and believes, and on that basis alleges, that
5    pursuant to section 4-9.701, the City has authorized or permitted public and
6    private parties to park sign boards, arrow boards, illuminated message boards, and
7    other vehicles that are otherwise prohibited by the City's ordinances governing
8    "mobile billboard advertising displays". The exemption thereby operates as a
9    content-based restriction on speech and expression, based upon a preference for
10   the speech of some persons and entities over others.

11   15.    Plaintiff is further informed and believes that, on its face but also
12   particularly when applied in conjunction with the purported exemption created by
13   section 4-9.701, the City's purported citywide ban on the parking of all detached
14   trailers as adopted and as enforced exceeds the City's authority to regulate
15   parking as granted by the Legislature in Vehicle Code §22507 and related
16   statutes. By prohibiting the parking of trailers of any kind anywhere and at any
17   time within the municipal boundaries when detached from a motor vehicle, the
18   City has effectively banned an entire class of lawful vehicles, including vehicles
19   registered and licensed by the State of California or other jurisdictions, and lawful
20   for use throughout the State, from being owned, used, or operated in an otherwise
21   usual and lawful fashion within the City of Simi Valley, in a manner that subverts
22   the State's supremacy in matters of vehicle regulation and that interferes with
23   fundamental rights including without limitation the right of free movement, and
24   the right to reasonable use of one's property. To the extent that the ordinance
25

1   exceeds the authority granted by the Legislature, it is void and unenforceable, and
2   an abuse of the City's authority and discretion.

3       16.    Plaintiff has utilized, and continues to utilize, a variety of different
4   vehicles, including trailers attached to and detached from motor vehicles, and
5   other non-motorized vehicles that may qualify as "mobile billboard advertising
6   displays" within the City of Simi Valley for the purposes of speech and
7   expression. The vehicles have borne a variety of messages, signage, and
8   advertising on a variety of subjects. Some of the messages conveyed by the
9   plaintiff's vehicles have been commercial, but the majority have been used for
10   purposes of topical and political expression. The vehicles, when they are parked
11   within the City of Simi Valley, have been parked in locations where parking of
12   most any other vehicle is permitted, at times and on days when parking of
13   vehicles generally is legal, and in compliance with applicable statutes and
14   ordinances limiting the durations for which vehicles generally may be parked.
15   Only the City's purported prohibitions on the parking of "mobile billboard
16   advertising displays" and/or of trailers detached from a motor vehicle, raise any
17   sort of impediment to the parking of plaintiff's speech-bearing vehicles within the
18   City.

19       17.    On repeated occasions over the past several years, and continuing to
20   the present, the defendant City has, on an ongoing and recurring basis, impounded
21   and removed, or threatened to impound and remove, plaintiff's vehicles and
22   alleged mobile billboard displays from locations throughout the City of Simi
23   Valley. On each occasion, the removed vehicle has been parked at a location and
24   at a time of day when parking of any other vehicle was entirely lawful, and the
25   seizure was made on the purported authority of the Simi Valley ordinances cited

1  above, purporting to ban "mobile billboard advertising displays" and trailers
2  detached from motor vehicles. As of the date of this Complaint, dozens of
3  vehicles owned by plaintiff have been seized and impounded by the City. During
4  that same period, many vehicles identical or readily comparable in form and
5  function to plaintiff's vehicles have been left unmolested, either because plaintiff
6  in particular has been targeted by the City or, in some cases, on the basis of the
7  purported exemption of those other vehicles from the ordinances that have been
8  applied against plaintiff.

9       18.    As to each of plaintiff's vehicles and other property, upon learning of
10  the seizure and impound, plaintiff has made a request for a post-impound hearing
11  pursuant to Vehicle Code §22852. As a general matter, the defendant City has
12  refused to provide any such hearing. When hearings have been provided, they
13  have not comported with the requirements of due process. In consequence,
14  plaintiff's vehicles have been permanently lost to plaintiff, as a result of their
15  being sold in a lien sale by the City or its agents, or otherwise disposed of by the
16  City.

17

18  **FIRST CAUSE OF ACTION—**
19  **FOR INJUNCTIVE AND DECLARATORY RELIEF**
20  **[SUBSTANTIVE AND PROCEDURAL DUE PROCESS, FREE SPEECH]**
21      19.    Plaintiff refers to the allegations of paragraphs 1 through 18,
22  inclusive, of this Complaint, and reincorporates those allegations by this reference
23  as though set forth in full at this point.
24      20.    The claims alleged in this Complaint arise under the First and
25  Fourteenth Amendments to, and other provisions of, the United States

1    Constitution; the Civil Rights Act of 1871, 42 U.S.C. §1983; the California
2    Constitution; and the civil rights laws of the State of California. The Due Process
3    Clause of the Fourteenth Amendment to the United States Constitution protects
4    plaintiff's right to pursue a legitimate business or occupation, and to make
5    reasonable use of his property, subject only to regulations that are rationally
6    related to a legitimate government purpose. The First Amendment of the United
7    States Constitution protects plaintiff's right to engage in speech and
8    communications, whether in a commercial, political or personal context, without
9    regard to the specific content of that speech activity, and without regard to
10   plaintiff's identity as the speaker, subject only to narrowly drawn restrictions
11   based upon a compelling state interest. The First Amendment operates to prohibit
12   discrimination, by government actors, between favored and disfavored speakers,
13   or between favored and disfavored messages or content. Further, the United
14   States Constitution and the California Constitution protect and preserve plaintiff's
15   right not to be deprived of life, liberty, or property without due process of law.
16        21.   The ordinances of the City of Simi Valley purporting to regulate
17   "mobile billboard advertising displays" and the use of trailers detached from
18   motor vehicles, particularly in combination with the City's exemption of its own
19   vehicles and certain other vehicles of private owners selected and preferred by the
20   City, operate to discriminate on their face between favored and disfavored
21   speakers, and between favored and disfavored subject matter and points of view,
22   by permitting the activity described as "mobile billboard advertising" to be
23   engaged in on certain subjects or by certain speakers (e.g., the City itself, its
24   agencies, and private parties engaged in construction work on public and private
25   premises), but not by others, e.g., by plaintiff. The ordinances are facially

1   unconstitutional under the First Amendment of the United States Constitution,
2   and the independent protections of the California Constitution, Article 1, §2(a)
3   ["A law may not restrain or abridge liberty of speech or press."] Additionally,
4   plaintiff is informed and believes, and on that basis alleges, that the City of Simi
5   Valley has adopted a policy pursuant to which it is engaged in discriminatory
6   enforcement by targeting, seizing and impounding plaintiff's vehicles while not
7   acting to similarly enforce its ordinance against other, similarly situated private
8   vehicle owners.

9       22.    The City of Simi Valley has adopted a policy and practice, at least in
10  cases involving plaintiff Boyer, of refusing to provide the post-impound hearing
11  required by statute (Vehicle Code §22852) and by the Due Process provisions of
12  the United States Constitution and the California Constitution.

13      23.    An actual controversy has arisen and now exists between plaintiff
14  and defendants, and each of them, in that plaintiff contends, and each defendant
15  denies, that the policies, practices, and actions of the City of Simi Valley in
16  regard to the adoption and purported enforcement of its ordinances concerning
17  "mobile billboard advertising" and concerning trailers detached from motor
18  vehicles are unconstitutional, and not within the City's power or authority under
19  California law.

20      24.    Plaintiff desires a judicial determination of the respective rights and
21  duties of plaintiff and defendants, and each of them, with respect to the issues
22  framed in this action. A declaration is necessary and appropriate at this time in
23  order that plaintiff may ascertain its rights and duties with respect to using its
24  vehicles within the City of Simi Valley, as plaintiff desires to do.

25

Complaint for Declaratory and Injunctive Relief - 17

25. Further, unless the City of Simi Valley is enjoined from committing the above-described Constitutional violations, and obliged to restore to plaintiff all of plaintiff's property seized pursuant to the purported authority of that defendant's ordinances, plaintiff and all those similarly situated will continue to suffer great and irreparable harm.

## SECOND CAUSE OF ACTION —
## FOR DAMAGES PURSUANT TO 42 U.S.C. §1983

26. Plaintiff refers to and reincorporates the allegations of paragraphs 1 through 25, inclusive, of this Complaint, as though set forth in full at this point.

27. The actions of the defendant City of Simi Valley, and particularly the City's seizure and impound of the plaintiff's property and interference with plaintiff's lawful business and expressive activities, were the product of policies or customs adopted by the City, and constitute violations of the plaintiff's Constitutional rights, under color of law. As a direct and proximate result of the City's unconstitutional and unlawful actions, plaintiff has sustained damages in an amount not yet fully determined, but within the unlimited jurisdiction of this Court.

WHEREFORE, plaintiffs pray judgment as follows:

1. For entry of a judgment declaring the City of Simi Valley's ordinances purporting to regulate and prohibit "mobile billboard advertising" to be unconstitutional on its face, or as applied to plaintiff and others similarly situated, or both;

Complaint for Declaratory and Injunctive Relief - 18

2.   For preliminary injunction and a permanent injunction, all enjoining and prohibiting defendant, and its agents, employees and all persons acting under, in concert with, or for them from continuing to enforce its "mobile billboard advertising" ordinance, and in particular to prohibit further impound and seizure of plaintiff's utility trailers within the City of Simi Valley, and to require the return of all plaintiff's property in the City's possession or control, or restitution of the value of that property to plaintiff;

3.   For compensatory damages in an amount to be determined at trial;

4.   For punitive damages in an amount to be determined at trial;

5.   For an award of attorney's fees, pursuant to 42 U.S.C. §1988 and/or pursuant to California law;

6.   For costs of suit incurred in this action; and

7.   For such other and further relief as the Court deems just and proper.

DATED: December 16, 2018                WALLACE, BROWN & SCHWARTZ

by GEORGE M. WALLACE
Attorneys for Plaintiff BRUCE BOYER, an individual

Complaint for Declaratory and Injunctive Relief - 19

**PROOF OF SERVICE**
(1013a, 2015.5 C.C.P.)

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 500 South Grand Avenue, 19th Floor, Los Angeles, California 90071.

On January 24, 2019, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF ACTION**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

George M. Wallace, Esq.
WALLACE, BROWN & SCHWARTZ
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
*Attorneys for Plaintiff, Bruce Boyer*

**BY MAIL**
  _X_  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.
  _X_  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 24, 2019, at Los Angeles, California.
**FEDERAL**
  _X_  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____Gabrielle Duran_____          _____
                                                      (Signature)

-1-

PROOF OF SERVICE