# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BOYER, an individual,<br>Plaintiff,<br><br>v.<br><br>CITY OF SIMI VALLEY, and<br>DOES 1 through 10, inclusive,<br>Defendant. | No.: 2:19-cv-00560-DSF-JPR<br><br>Order DENYING Defendant's Motion for Summary Judgment (Dkt. 70) |

## I. Introduction

Defendant City of Simi Valley moves for summary judgment on Plaintiff Bruce Boyer's First Amendment claim. Dkt. 70 (Mot.). Boyer opposes. Dkt. 75 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the Motion is DENIED.

## II. Undisputed Facts

Boyer has owned and operated Lone Star Alarm Monitoring, Inc. (LSAM) since 2010 or 2011. Dkt. 75-1 (UF) ¶ 1. LSAM is a full-service alarm company that installs, monitors, services, and responds to private alarm systems in commercial buildings and residential homes. UF ¶ 2. Since LSAM was founded, it has primarily operated in Southern California, including the City of Simi Valley. UF ¶ 5. LSAM

has advertised its business using several mediums, including television ads, radio ads, door hangers, and sign trailers. UF ¶ 6. LSAM began advertising using sign trailers in Simi Valley around February or March 2016. UF ¶ 8. A "sign trailer" consists of a two-wheel trailer defined by the California Vehicle Code that carries a large poster or sign advertising LSAM's services. UF ¶ 7. Sign trailers are often parked on public streets to capture viewers and attract business. UF ¶ 7.

In 2016, Simi Valley enacted an ordinance prohibiting all mobile billboard advertising unless it fell within the articulated exemption. Dkt. 15 (FAC) ¶¶ 12-14; see Dkt. 52 (Answer) ¶¶ 2, 6, 7. Boyer challenges the ordinance and the exemption on First Amendment grounds, see FAC ¶ 3, and claims LSAM lost business as a result of the Mobile Billboard Ordinance because he stopped using sign trailers to advertise shortly after the ordinance was enacted. UF ¶ 11. He asserts both economic and non-economic damages due to the City's enforcement of the Mobile Billboard Ordinance. UF ¶ 3.

### III. Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "This burden is not a light one." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). But the moving party need not disprove the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing there exists a genuine issue for trial. Id. at 323-24; Fed. R. Civ. P. 56(c)(1). A nonmoving party who bears the burden of proof at trial as to an

element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. See Celotex Corp., 477 U.S. at 322.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. Id. at 248. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict." Id. at 252. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues." Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992) (citing Morales v. Merit System Protection Board, 932 F.2d 800, 803 (9th Cir. 1991)). And summary judgment is improper "where divergent ultimate inferences may reasonably be drawn from the undisputed facts." Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting Miller v. Glenn Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006)). Instead, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (simplified).

## IV. Discussion

### A.   Article III Standing

Simi Valley first argues that Boyer lacks standing to assert his constitutional claim. This argument fails. As the party who invoked federal jurisdiction, it is Simi Valley's burden to establish standing, not

Boyer's. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); see also Fox v. Dakkota Integrated Sys., LLC, 980 F.3d 1146, 1151 (7th Cir. 2020) ("Where, as here, a case is removed from state court, the roles are reversed and the burden flips: In this procedural posture, *the defendant*, as the proponent of federal jurisdiction, must establish the plaintiff's Article III standing."); Envtl. Research Ctr. v. Heartland Prods., 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014) ("[A]s the party invoking federal jurisdiction, defendant bears the burden of establishing the existence of a case or controversy under Article III, including 'the core component of standing.'"). Simi Valley has failed to meet its burden. However, the analysis does not end there. Federal courts are required to examine jurisdictional issues, such as standing, when they appear by suggestion of the parties or sua sponte. See B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999); see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (finding ultimate responsibility to ensure jurisdiction lies with the district court). If a district court determines the plaintiff lacks standing, the court *must* remand the case, rather than dismiss it. Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016); Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court.").

Article III standing requires a sufficiently pleaded (i) injury-in-fact, (ii) that is causally connected to defendant's challenged conduct, and (iii) is likely to be "redressed by a favorable decision." Lujan, 504 U.S. at 561. Simi Valley argues there is no causal link between the unconstitutional statute and Boyer's alleged harm. Mot. at 11-15. To establish a causal connection, the injury must be "fairly traceable" to the challenged action of the defendant, i.e., not the result of the independent action of some third party not before the court. Lujan, 504 U.S. at 560. To challenge this causal link, Simi Valley makes two arguments: (1) the Original Exemption did not cause Boyer's harm because his actions are still prohibited under the Amended Exemption;

4

and (2) Boyer cannot establish a causal link between his injury and the Mobile Billboard Ordinance because his actions are still prohibited under a separate ordinance.  Boyer responds that his injury is traceable to Simi Valley's unconstitutional actions because the Mobile Billboard Ordinance, and relevant exemptions, included a provision permitting Simi Valley to tow or impound any vehicle violating the ordinance.  See Opp'n at 8-9.  According to Boyer, this provision created an immediate certainty that his trailers would be seized.  Id. at 8.  As a result, Boyer stopped using his sign trailers to advertise in Simi Valley.  Dkt. 70-3 (Bruce Boyer Depo Tr.) at 96:4-8.  It is not unreasonable for a person to change his behavior when the penalty for engaging in the conduct becomes more serious.  And even if Boyer's use of the mobile billboards is still proscribed, other contributing causes to the injury need not be eliminated to establish standing.  See Barnum Timber Co. v. U.S. E.P.A., 633 F.3d 894, 901 (9th Cir. 2011).  If the link between the challenged action and the alleged injury is not tenuous or abstract, the injury is fairly traceable to defendant's conduct.  See Ocean Advocates v. U.S. Army Corps of Eng'rs, 402 F.3d 846, 860 (9th Cir. 2005).  From Boyer's viewpoint, the fine under the Trailer Ordinance could be worth the extra business gained from the sign, but the greater cost of having the billboard impounded may be too great a penalty.  This alleged change in behavior can be fairly traced to the unconstitutional ordinance.  Therefore, the Court finds Boyer has standing to assert his claim.

### B.  Causation

"[A] plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal policy or custom that caused the plaintiff's injury."  Velazquez v. City of Long Beach, 793 F.3d 1010, 1027 (9th Cir. 2015) (simplified).  Unlike the standing analysis, to establish causation for the purposes of § 1983, the plaintiff must establish both causation-in-fact and proximate causation.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996); Arnold v. IBM Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant's "conduct is an actual cause of . . . injury only if the injury would not have occurred 'but for' that conduct."  White v. Roper, 901 F.2d 1501, 1505 (9th Cir.

5

1990) (simplified). "The proximate cause question asks whether the unlawful conduct is closely enough tied to the injury that it makes sense to hold the defendant legally responsible for the injury." Mendez v. Cnty. of Los Angeles, 897 F.3d 1067, 1076 (9th Cir. 2018). Simi Valley asks the Court to grant summary judgment in its favor because Boyer cannot show that the actionable ordinance was the actual cause of his injury. Mot. at 16. The Court disagrees.

The Court finds that there is a genuine dispute about whether Simi Valley's unconstitutional ordinance caused Boyer's alleged harm. Assessing the facts in the light most favorable to the nonmoving party, the enactment of the unconstitutional ordinance effectively chilled Boyer's speech activity because the Mobile Billboard Ordinance reasonably caused Boyer to believe that his property certainly would be seized. Opp'n at 8. In support of this assertion, Boyer provides evidence that the Mobile Billboard Ordinance contained more severe penalties than the unchallenged Trailer Ordinance (seizure of property as compared to a monetary fine). Id. Boyer asserts he would have maintained use of his mobile billboard—and would not have been injured—but for the increased penalty in the unconstitutional ordinance. Id. at 8-9. Deposition testimony further supports Boyer's position that the Mobile Billboard Ordinance was the "but-for" cause of his changed behavior. See Boyer Dep. Tr. 93:20-25. The Court concludes that Boyer has raised a triable issue of material fact.

Simi Valley's reliance on Granite State Outdoor Advert., Inc. v. City of St. Pete Beach, FL, 322 F. Supp. 2d 1335 (M.D. Fla. 2004) is not persuasive. There, the court concluded Granite State was not entitled to damages because the alleged injury would have been the same under both the unconstitutional ordinance and a separate constitutional ordinance, as both ordinances led to the same result. See id. at 1344. Here, because the penalties under the ordinances are different, there is a genuine dispute whether Boyer would have suffered his alleged injury but for the unconstitutional ordinance.

## V. Conclusion

For the reasons stated above, the Court DENIES Simi Valley's motion for summary judgment.

IT IS SO ORDERED.

Date: October 16, 2023

Dale S. Fischer
United States District Judge